```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 TYREEK SHUFORD,

                    Plaintiff,              MEMORANDUM & ORDER
                                             17-CV-6349(EK)(JRC)
        -against-

 AKEEM CARDOZA and PHANES NERVIL,

                    Defendants,

        -against-

 CITY OF NEW YORK,

                    Cross-Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Tyreek Shuford brought a civil rights action against two officers of the New York City Department of Correction, Akeem Cardoza and Phanes Nervil, alleging that they assaulted him in a facility on Rikers Island. After a trial before Magistrate Judge Cho, a jury found both defendants liable and awarded Shuford compensatory and punitive damages. Judge Cho then awarded Shuford attorneys' fees.

State law provides a right of indemnification — subject to various conditions, as discussed below — to City employees subjected to judgments arising out of actions taken within the scope of public employment. Cardoza and Nervil sought indemnification for the jury's verdict and for the

attorney-fee award, but the City denied their request after concluding that the officers had violated agency rules and regulations. The officers then filed the instant motions to compel indemnification.

I referred those motions to Magistrate Judge Cho.[1] In a report and recommendation ("R&R") dated January 23, 2025, he recommended that both officers' motions be denied in their entirety. *See* R&R, ECF No. 175. Shuford and both individual defendants timely objected.[2] Shuford Obj., ECF No. 176; Cardoza Obj., ECF No. 177; Nervil Obj., ECF No. 178. The City opposes the objections. ECF Nos. 179, 180. For the reasons that follow, I adopt Judge Cho's comprehensive R&R in full.

---

[1] The plaintiff and defendants — Shuford, Cardoza, and Nervil — consented to Judge Cho's jurisdiction over the Section 1983 case, including for trial. *See* ECF No. 90. The City, a cross-defendant who was not a party at trial and was not implicated until the motion for indemnification, did not consent to Judge Cho's jurisdiction. *See* Docket Order dated April 15, 2022, ECF No. 125. Therefore, the consent to magistrate judge jurisdiction does not extend to this post-trial indemnification motion. *New York Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 24 (2d Cir. 1993). Thus, this Court referred the motion to compel indemnification for a report and recommendation.

[2] The City argues that Shuford lacks standing to object because he is "not a party" to the cross-complaints for indemnification. *See* City Br. in Opp. to Shuford Obj. 2, ECF No. 179. As another court recently observed, there are divergent approaches to non-party objections, but "[i]n general . . . when a non-party has a concrete interest which may be adversely affected by a magistrate's report . . . courts consider the non-party's objection to the report." *In re Ulmans*, No. 23-MC-23, 2023 WL 3412769, at *1 (S.D.N.Y. May 12, 2023) (collecting cases). We doubt that Shuford can claim a "concrete" interest here, given that he has no contractual or statutory entitlement to the indemnification in issue. But whether he has standing is ultimately immaterial, as the objecting officers plainly do. (And for what it may be worth, Nervil adopted Shuford's objections in full. *See* Nervil Obj. ¶ 3.)

## I. Background

This order incorporates Judge Cho's description of the factual and procedural background. R&R 2-5. In brief, as relevant here: Shuford was incarcerated in a City-run correctional facility on Rikers Island. While there, he and Cardoza had an argument. Cardoza then escalated, punching Shuford in the face. *Id.* at 2. Nervil then entered the fray, tackling Shuford before repeatedly kicking and punching him. *Id.* Cardoza then pepper-sprayed Shuford in the eyes. *Id.*

### A. City Investigation

Within a week of that altercation, the New York City Department of Investigation ("DoI") opened an investigation. The DoI ultimately concluded that Cardoza had instigated the altercation — contrary to what he reported in his incident report — and employed excessive force. *Id.* at 3; *see also* DoI Report 3-4, ECF No. 166-2. The DoI expressly concluded that both defendants had "filed false documents" in connection with their reporting of the incident. DoI Report 4. Upon these findings, Cardoza was suspended from duty. R&R 3. He eventually resigned from the Department of Correction ("DoC") pursuant to a negotiated settlement. *Id.* at 4.

The DoI found that Nervil, too, had used excessive force and falsified his incident report, and he too was

suspended.  *Id.*  He resigned from the DoC pursuant to a negotiated settlement as well.  *Id.* at 5.

**B.   State Criminal Charges**

The DoI referred this matter to the Bronx District Attorney's Office, DoI Report 4, and in 2017 a state grand jury returned an indictment against Cardoza and Nervil.  R&R 3-4.  It charged that they had committed assault, offered a false instrument for filing, falsified business records, and committed official misconduct.  *Id.* at 4-5.  Both officers ultimately pleaded guilty to official misconduct in violation of N.Y. Penal Law § 195.00.  *Id.*  Because this plea was in "full satisfaction" of the indictment, the other charges — including the assault charge — were dismissed.  Plea Tr. 18:17-25, ECF No. 164-11.

**C.   Jury Trial and Post Trial Motions**

Shuford's civil action went to trial here in March 2022.  The jury was asked to decide Section 1983 claims against both officers for their alleged use of excessive force in violation of the Fourth Amendment.  Verdict Form 1, ECF No. 113.  The jury found both defendants liable.  *Id.*  Judge Cho also asked the jury to specify the compensatory and punitive damages to be awarded against each defendant.  *Id.*  He instructed the jury to award punitive damages only if it saw "conduct that was motivated by an evil motive or intent, or that involved callous disregard or reckless indifference to plaintiff's rights."  Jury

4

Charge 16-17, ECF No. 111. The jury awarded Shuford compensatory and punitive damages totaling $1,500,000 — later reduced to $750,000 on a motion for remittitur. R&R 3.

Judge Cho then ordered the officers to pay Shuford's attorneys' fees pursuant to 42 U.S.C. § 1988(b). *Id.* at 2-3; Attorneys' Fee Order 3, 15, ECF No. 163.

D.  **Indemnification Request**

After the civil trial, Cardoza and Nervil requested that the City indemnify them against the damages assessed, pursuant to General Municipal Law ("GML") Section 50-k. R&R 5. Through its Corporation Counsel, the City denied both officers' requests. *See* ECF No. 164-4 (denial of Cardoza's request); ECF No. 165-3 (Nervil's). The City invoked both officers' guilty pleas to official misconduct but did not reference the civil jury verdict, even though the City contends here that the verdict supports its denial.[3] The City explained that the officers did not meet the conditions for indemnity because, in pleading guilty to official misconduct, they had admitted that

---

[3] In its opposition to Nervil and Cardoza's motions for indemnification here, the City reiterated its earlier rationale that (1) the officers were in violation of agency rules and regulations, and further explained that (2) the officers were subject to disciplinary proceedings for the acts at issue here and were not exonerated and (3) the officers committed intentional wrongdoing. ECF No. 166 at 5-8; ECF No. 167 at 5-8. The City then noted this was all further supported by the jury's "finding of liability and award of $250,000 in punitive damages." ECF No. 166, at 8; ECF No. 167, at 8.

5

they knew their actions were "unauthorized." Cardoza Indem. Denial 2; Nervil Indem. Denial 2.

In March 2024, Cardoza and Nervil filed the instant motions to compel indemnification. ECF Nos. 164-65. The parties jointly requested that the Court exercise its supplemental jurisdiction over the indemnification claims, as courts in this circuit regularly do. *See* City Ltr. dated Apr. 9, 2022, at 1-2, ECF No. 125. Consistent with Judge Cho's recommendation, supplemental jurisdiction is appropriately exercised because the cross-claims are closely related to the events underlying the Section 1983 claim. *See* 28 U.S.C. § 1367(a); R&R 5.

## II. Discussion

### A. Legal Background

#### 1. Indemnification Framework

GML Section 50-k(3) requires the City to indemnify employees for judgments against them (or settlements of actions against them), *provided* that the underlying act "occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained." GML § 50-k(3). The statute does not cover liability for intentional acts: "the duty to indemnify . . . shall not arise when the injury or damage

6

resulted from intentional wrongdoing or recklessness on the part of the employee." *Id.* The statute also provides that if the employee is subject to a disciplinary hearing for the conduct in question, indemnification will be withheld until such proceeding is resolved and the employee is "exonerated" as to the act or omission in question. *Id.* at § 50-k(5).

A district court will grant a motion to compel indemnification only if the Corporation Counsel's decision to deny indemnification is "arbitrary and capricious," including because it is "not supported by the evidence." *Ekukpe v. Santiago*, 823 F. App'x 25, 33 (2d Cir. 2020); *accord Williams v. City of New York*, 476 N.E.2d 317, 318 (N.Y. 1985).[4]

### 2. Standard of Review

A court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *see also Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."). When "evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no

---

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

7

objections have been made and which are not facially erroneous." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002).

However, if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [r]eport and [r]ecommendation only for clear error." *Pall Corp. v Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also See v. Gov't Employees Ins. Co.*, No. 21-CV-547, 2023 WL 2731697, at *5 (E.D.N.Y. Mar. 30, 2023). Nor will a court ordinarily consider arguments, case law, or evidence that could have been, but were not, presented to the magistrate judge in the first instance. *See J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 353 (E.D.N.Y. 2009).

**B.   Discussion**

The objecting parties make two main arguments: (1) the City failed to follow past practice in declining to indemnify here; and (2) the trial evidence showed that defendants acted properly, that they did not cause Shuford's injuries, and that the resolution of their disciplinary charges constituted an exoneration. These arguments do not succeed.

1.   Failure to Follow Past Practice

The objecting parties suggest (albeit obliquely) that the City's decision was arbitrary and capricious because it diverged from past practice. They claim that the City has

8

indemnified individuals for more egregious conduct and higher damages awards in the past, and so should have indemnified here. The Second Circuit, however, has explicitly foreclosed this argument. *See Ekukpe*, 823 F. App'x at 34. In *Ekukpe*, the defendants "ma[d]e much of the City's decision to indemnify other defendants in other cases." *Id.* But the court observed that "indemnification determinations depend on the particular facts at hand." *Id.* So, "[d]efendants must do more than point to the City's decisions in other cases. This is especially true where, as here, the officers elected to take their cases to trial and the City was thus presented with a much more voluminous record on which to base its decision." *Id.* Here, as in *Ekukpe*, the parties' citation to a few outlying examples does not establish that the instant decision was arbitrary and capricious.[5]

2. Defendants' Other Objections

Cardoza and Nervil further object that the City's decision not to indemnify was arbitrary and capricious in light of the facts elicited at trial. Both defendants argue that they

---

[5] The Corporation Counsel's denial letters to Cardoza and Nervil invoked their Official Misconduct convictions (for the false reports) but not their use of excessive force. Judge Cho, in contrast, based the R&R's conclusion that the Corporation Counsel had not acted arbitrarily on both. R&R 7. Given the clarity of GML § 50-k(3)'s reference to "intentional wrongdoing or recklessness," and given that Judge Cho presided over the civil trial, it was appropriate for him to take both into account. And neither defendant objected to Judge Cho's consideration of both grounds. *See generally* Nervil Obj; Cardoza Obj.

9

were acting as trained and that the administrative and criminal charges against them were resolved without either defendant admitting liability for assault or the use of excessive force. They also each argue the trial evidence showed someone other than them was to blame for Shuford's injuries: Cardoza argues that Shuford was not injured or, in the alternative, it was Nervil who injured him. Cardoza Obj. 4-7. And Nervil argues that Shuford caused his own injuries by attacking Cardoza. Nervil Obj. ¶ 8. There is no merit to these objections.

Nervil and Cardoza's objections merely rehash the initial motions for indemnification, at times literally copying and pasting portions thereof. *Compare* Nervil Br. in Supp. of Mot. for Indem. ¶¶ 16, 31, 48, *and* Cardoza Br. in Supp. of Mot. for Indem. 7-8, 10, *with* Cardoza Obj. 2-4, 7-10, 13-16, *and* Nervil Obj. ¶ 3. Accordingly, the Court reviews these objections only for clear error.[6] None appears.

GML 50-k(3) explicitly states that "the duty to indemnify . . . shall not arise when the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." *Id*. When considering whether the City's decision not to indemnify was erroneous — in a case very similar to this one — the Second Circuit looked to the "jury's findings

---

[6] Even if the Court were to review these objections *de novo*, I would reach the same conclusion as Judge Cho: indemnification is not warranted.

10

of liability and award of punitive damages." *Ekupe*, 823 F. App'x at 33-34; *see also Stewart v. Davis,* No. 22-CV-3583, 2025 WL 1368842, at *3-4 (S.D.N.Y. May 9, 2025) (affirming denial of indemnification because jury verdict necessarily established intentional wrongdoing). The liability finding and punitive damages award here demonstrate intentional (or at least reckless) wrongdoing and therefore confirm that the City's indemnification denial was not arbitrary and capricious. The jury was charged that it could find the defendants liable only if plaintiff "prove[d], by a preponderance of the evidence, that the defendants committed the alleged acts — that is, physical contact between defendants and plaintiff — and *that they did so intentionally or recklessly*." Jury Charge 12 (emphasis added); *see also O'Hara v. City of New York*, 570 F. App'x 21, 23 (2d Cir. 2014) (affirming Section 1983 excessive force verdict because "jury could have reasonably found both that [the officer] intentionally or recklessly used excessive force"). Thus, the verdict itself shows that Shuford's injury resulted from intentional wrongdoing or recklessness by the defendants.

So does the punitive damages award. As Judge Cho instructed the jury, punitive damages were available only if the evidence demonstrated the defendants' conduct was "motivated by an evil motive or intent, or involved callous disregard or reckless indifference to plaintiff's rights." Jury Charge 16;

11

*see also Franco v. Gunsalus*, No. 22-339, 2023 WL 3590102, at *2 (2d Cir. May 23, 2023) (punitive damages require "evidence of a positive element of conscious wrongdoing or malice"). Thus, the punitive damages award also established intentional wrongdoing or recklessness. GML § 50-k(3); *see also Coker v. City of Schenectady*, 613 N.Y.S.2d 746, 747-48 (N.Y. App. Div. 3d Dep't 1994) (punitive damages award meant "the jury necessarily found that petitioners engaged in intentional wrongdoing or recklessness, precluding the City from indemnifying petitioners" under similar statute). In the end, the defendants' arguments — especially about causation of Shuford's injuries — amount simply to an attempt to relitigate the jury verdict.

The record shows a more than sufficient basis on which to uphold the City's decision not to indemnify. As Judge Cho recognized, the City could have denied indemnification for several reasons, and its decision must be upheld as long as the decision on *any one* of those grounds was not arbitrary and capricious. *See* R&R 6-7; *Ekukpe*, 823 F. App'x at 33.[7]

---

[7] This includes the basis that the officers were subject to disciplinary proceedings and not exonerated. *See Mercurio v. City of New York*, 758 F.2d 862, 865 (2d Cir. 1985) (affirming denial of indemnification where "departmental charges were settled by stipulation, which did not constitute an 'exoneration' of the officers"); *Musso v. City of New York*, No. 05-CV-2511, 2010 WL 11530907, at *6 (E.D.N.Y. Mar. 30, 2010) (stipulation that "resolved all pending disciplinary charges with an agreed-upon penalty without formal or further action, and, most important, without a finding *one way or the other* with respect to the charges" did not constitute exoneration).

12

## III. Conclusion

Based on the foregoing discussion, I adopt the R&R in full. The motions to compel indemnification are denied.

SO ORDERED.

                                           /s/ Eric Komitee  
                                           ERIC KOMITEE  
                                           United States District Judge

Dated:    August 19, 2025  
             Brooklyn, New York